UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, *JUDGE*

_____
                                                                    :
KEYSTONE AUTOMOTIVE OPERATIONS,    :
INC.,                                                               :
                                                                    :
                              Plaintiff,        :    Court No. 21-00215
                                                                    :
                    v.                                         :
                                                                    :
UNITED STATES,                                      :
                                                                    :
                              Defendant.      :
_____:

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, defendant, the United States, responds to the allegations of plaintiff's, Keystone Automotive Operations, Inc., complaint as follows:

## JURISDICTION

1. Admits.

2. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation that plaintiff is the owner of the merchandise involved in this action. Admits the remaining allegations contained in this paragraph.

3. Admits.

4. Admits.

5. Admits.

6. Admits.

7. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

## BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

8. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation that the date that Polaris submitted its application for exclusion was August 6, 2019. Admits the remaining allegations contained in this paragraph to the extent supported by the exclusion application cited, otherwise denies.

9. Admits to the extent supported by the USTR letter granting the exclusion request and Federal Register notices cited, otherwise denies.

10. Admits to the extent supported by the granted exclusion published in the Federal Register cited, otherwise denies.

11. Admits to the extent supported by the Federal Register notice cited, otherwise denies.

12. As to the first sentence, admits to the extent supported by the exclusion application cited, otherwise denies. As to the second sentence, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness.

13. As to the first sentence, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness, except admits that plaintiff imported the merchandise at issue in this action. As to the second sentence, denies that the subject merchandise was entered on November 17, 2020, and denies the remainder of this sentence for lack of information or knowledge sufficient to form a belief as to its truthfulness, except admits that China is the declared country of origin for the subject merchandise and that the subject merchandise was entered at the Port of Newark, NJ under Entry No. 600-1015721-6.

14. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

15. Admits that plaintiff claimed upon entry that the subject imports were covered by the

tariff provisions cited, to the extent supported by the Entry Summary form (CBP Form 7501) that plaintiff submitted for Entry No. 600-1015721-6. The remainder of this allegation sets forth a legal argument and/or conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

16. Admits to the extent supported by the Notice of Action (CBP Form 29) cited, otherwise denies.

17. Admits to the extent supported by Plaintiff's cited document Exhibit D, otherwise denies

18. Admits to the extent supported by CBP's Reply to Plaintiff's CBP Form 29 cited, otherwise denies.

19. Admits.

20. This allegation sets forth a legal argument and/or conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

21. Denies that CBP changed the interest rate amount, but admits that CBP reliquidated the subject entry on February 19, 2021.

22. Admits to the extent supported by the cited protest, otherwise denies.

23. Admits.

24. Denies that the Center Director "failed" to allow or deny plaintiff's protest within 30 days of the certified mailing of the request, otherwise admits.

25. Admits to the extent this allegation refers to the deemed denial of plaintiff's protest, otherwise denies.

## COUNT I

26. Defendant's responses to paragraphs 1 through 25 of the complaint are incorporated by reference.

27.     Denies, but admits that plaintiff paid the Section 301 duties under subheading 9903.88.03, HTSUS, which CBP assessed on the subject imports upon liquidation.

28.     This allegation sets forth a legal argument and/or conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

29.     This allegation sets forth a legal argument and/or conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

30.     This allegation sets forth a legal argument and/or conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, denies.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate U.S. Customs and Border Protection officials and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:     /s/ Aimee Lee
        AIMEE LEE
        Assistant Director

        /s/ Brandon A. Kennedy
        BRANDON A. KENNEDY
        Trial Attorney
        Department of Justice, Civil Division
        Commercial Litigation Branch

5

                                                                          26 Federal Plaza – Suite 346
New York, New York 10278
Tel. (212) 264-9237

Dated: October 29, 2021                      *Attorneys for Defendant*