UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KEYSTONE AUTOMOTIVE OPERATIONS, INC., <br><br>                      Plaintiff, <br><br>  v. <br><br> UNITED STATES, <br>                      Defendant. | Court No. 21-00215 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY IN FURTHER SUPPORT OF DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

      Defendant filed its Reply in Further Support of Defendant's Cross Motion for Summary Judgment on May 29, 2024 (ECF Nos. 56, 57) ("Reply"). In its Reply, Defendant relies on the opinion of the United States Court of Appeals for the Federal Circuit ("CAFC") in an unrelated patent infringement matter *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 326 F.3d 1215 (Fed. Cir. 2003) ("*Brookhill*") (Reply, at 19), which was not previously discussed in its filings with the Court or related materials.

      Specifically, Defendant cites to *Brookhill* to explain how the CAFC construed patent claims in that case. *See* Reply, at 19. Additionally, it appears that Defendant signals to this Court that the *Brookhill* case should have some bearing on this case, and, specifically, Patent Nos. US7416202B2 (*see* Defendant's Exhibit 3 to Defendant's Cross Motion for Summary Judgment, ECF No. 51-3) and US7717444B2 (*see* Defendant's Exhibit 4 to Defendant's Cross Motion for Summary Judgment, ECF No. 51-3). Not so.

      Of note, *Brookhill* was a patent infringement case concerning a system for performing robotic surgery. See *Brookhill*, 326 F.3d 1215. The interpretation of patent terms in *Brookhill* has no bearing on the proper classification of and application of the Section 301 Tariff exclusion to

the subject merchandise in this case – side bars, nerf bars, and bars or side protective attachments as maintained by Plaintiff.

To the extent Defendant relies on certain excerpts from *Brookhill* (*see* Reply, at 19), Plaintiff notes the following additional language to which Defendant did not cite: "While certain terms may be at the center of the claim construction debate, the context of the surrounding words of the claim also must be considered in determining the ordinary and customary meaning of those terms." *Brookhill*, 326 F.3d at 1220 (citing *Hockerson–Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369, 1374 (Fed.Cir.1999)). Further, "[n]o statement in the written description, however, constitutes a limitation on the scope of the invention … [and] … [t]he objective described is merely one of several objectives…" *Brookhill,* 326 F.3d at 1223. Thus, Defendant's calculated use of specific language from Patent Nos. US7416202B2 and US7717444B2 while omitting the remainder of the descriptive language in the patents is erroneous.

Specifically, Plaintiff notes that despite Defendant highlighting the functionality of entry into a vehicle's passenger compartment (*see* Reply, at 19), both Patent Nos. US7416202B2 (*see* Defendant's Exhibit 3 to Defendant's Cross Motion for Summary Judgment, ECF No. 51-3) and US7717444B2 (see Defendant's Exhibit 4 to Defendant's Cross Motion for Summary Judgment, ECF No. 51-3) referenced in Defendant's Reply in conjunction with *Brookhill*, provide as follows to the extent they relate to the subject merchandise in this case:

- "The side bar is both an appearance accessory and provides some protection for door and side of the vehicle cab to deflect debris." *See* ECF No. 51-3, at 205, 214.
- "A further object of the invention is to provide a … protective device for the door and side of the vehicle cab." *Id*.

- "Side bar functions as a protective guard for the exterior side surface of vehicle …"

*See* ECF No. 51-3, at 206, 215.

Thus, protection of the side of the vehicle is clearly an objective of the inventions referenced in Patent Nos. US7416202B2 and US7717444B2. Correspondingly, this is also an objective of the merchandise that is the subject of this case.

Defendant also relies on the Oxford Language definition of the term "attachment" (*see* Reply, at 5) which was likewise not previously discussed in its filings with the Court or related materials. Specifically, Oxford Languages defines "attachment" as "1. an extra part or extension that is or can be attached to something to perform a particular function." *Attachment*, Oxford Languages, *available at* https://www.google.com/search?q=attachment+definition (last viewed June 11, 2024). Plaintiff maintains that this definition has no bearing on Plaintiff's or Defendant's arguments presented to date. Additionally, Plaintiff maintains that the merchandise that is at issue in this case (side bars, nerf bars, and bars or side protective attachments as maintained by Plaintiff) functions both as protection to the side of the vehicle to which it is attached and as a step up into the vehicle.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Cross Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment classifying the subject merchandise under primary subheading 8708.29.5060, HTSUS, and secondary heading 9903.88.56, HTSUS, (free of the Section 301 tariff) and grant Plaintiff such other and further relief as may be just and appropriate.

Respectfully submitted,

Dated: June 12, 2024

Eric R. Rock, Attorney

Michael G. Hodes
Serhiy Kiyasov
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff Keystone Automotive Operations, Inc.*

4

**CERTIFICATE OF SERVICE**

    I, Eric R. Rock, one of the attorneys for the plaintiff, certify that copies of the Plaintiff's Motion for Leave to File a Sur-Reply, Proposed Order, and Proposed Sur-Reply were served on all parties by filing aforementioned documents via the U.S. Court of International Trade's CM/ECF System this Wednesday, June 12, 2024, which will cause the documents to be served electronically upon the following counsel:

> Brandon A. Kennedy
> U.S. Department of Justice
> International Trade Field Office
> *Lead Attorney*
> Brandon.A.Kennedy@usdoj.gov

Dated:   June 12, 2024

                                    Eric R. Rock, Attorney

                                    Michael G. Hodes
                                    Serhiy Kiyasov
                                    Rock Trade Law LLC
                                    134 North LaSalle Street, Suite 1800
                                    Chicago, Illinois 60602
                                    312-824-6191 (telephone)
                                    erock@rocktradelaw.com (e-mail)

                                    *Counsel For Plaintiff Keystone Automotive Operations, Inc.*