## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE

_____
KEYSTONE AUTOMOTIVE OPERATIONS, INC.,  :
                                       :
                     Plaintiff,        :
                                       :
            v.                         :          Court No. 21-00215
                                       :
UNITED STATES,                         :
                                       :
                     Defendant.        :
_____ :

## <u>ORDER</u>

Upon reading plaintiff's motion for reconsideration or, in the alternative, motion to amend and certify an order for interlocutory appeal and for a stay of the proceedings pending appeal; defendant's response; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that plaintiff's motion be, and  hereby is, denied.


_____
        JENNIFER CHOE-GROVES, JUDGE


Dated: New York, New York

        This _____ day of _____ , 2025.

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

SUMMARY OF THE COURT'S DECISION .......................................................... 2

ARGUMENT ...................................................................................................................... 4

I.   The Standard For A Motion For Reconsideration ................................................... 4

   A.   Keystone Relitigates Its Position Instead Of Identifying Any Manifest Error Or
        Fundamental Flaw In The Court's Thorough Decision ........................................ 5

II.  The Standard For A Motion To Certify An Interlocutory Appeal ........................... 9

   A.   Controlling Question Of Law .......................................................................... 11

   B.   Substantial Ground For Difference Of Opinion ............................................... 12

   C.   Materially Advance The Ultimate Termination Of The Litigation ................... 13

   D.   Plaintiff Fails To Satisfy The Statutory Requirements For An Interlocutory Appeal ..... 13

       i.    Plaintiff Fails To Identify A Controlling, And Plausible, Question Of Law ....... 14

       ii.   Plaintiff Fails To Identify A Substantial Ground For Difference Of Opinion..... 14

       iii.  Certification Of This Issue Will Not "Materially Advance The Ultimate
             Termination Of The Litigation" ................................................................. 16

CONCLUSION ................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Ahrenholz v. Bd. of Trustees of Univ. of Ill.*,
  219 F.3d 674 (7th Cir. 2000)................................................................ 10, 11, 12, 15

*Am. Processing Co. v. United States*,
  236 F.3d 695 (Fed. Cir. 2001)............................................................................. 3

*BenQ Am. Corp. v. United States*,
  646 F.3d 1371 (Fed. Cir. 2011)............................................................................ 3

*CardSoft v. Verifone, Inc.*,
  769 F.3d 1114 (Fed. Cir. 2014)............................................................................ 6

*CardSoft, LLC v. VeriFone, Inc.*,
  576 U.S. 1049 (2015) ......................................................................................... 6

*Couch v. Telescope*,
  611 F.3d 629 (9th Cir. 2010).............................................................................. 13

*Fiscus v. Combus Finance AG*,
  No. 03-1328, 2006 WL 2845736 (D.N.J. Sept. 28, 2006) .................................. 12

*FMD Restoration, Inc. v. Baistar Mech., Inc.*,
  320 F.R.D. 320 (D.D.C. 2017)............................................................................. 4

*Former Employees of Quality Fabricating, Inc. v. U.S. Dep't of Labor*,
  343 F.Supp.2d 1272 (Ct. Int'l Trade 2004)......................................................... 5

*In re Cement Antitrust Litigation*,
  673 F.2d 1020 (9th Cir. 1981)............................................................................ 13

*In re Facebook, Inc. IPO Securities and Derivative Litigation*,
  986 F.Supp.2d 524 (S.D.N.Y. 2014)............................................... 10, 11, 12, 13, 15

*Kennedy v. St. Joseph's Ministries, Inc.*,
  657 F.3d 189 (4th Cir. 2011).............................................................................. 12

*Maple Leaf Mktg., Inc. v. United States*,
  45 CIT ___, 528 F.Supp.3d 1365 (2021) ...................................................... 3, 6, 7

*Marsuda-Rodgers Int'l v. United States*,
  13 CIT 886 (1989)..................................................................................... 11, 14, 17

*Milbert v. Bison Labs., Inc.*,
  260 F.2d. 431 (3rd Cir. 1958)......................................................................... 11

*Mills v. Everest Reins. Co.*,
  771 F.Supp.2d 270 (S.D.N.Y. 2009) ............................................................... 12

*Morgan v. Ford Motor Co.*,
  No. 06-1080, 2007 WL 269806 (D.N.J. Jan. 25, 2007) ............................................. 13

*Novosteel SA v. U.S., Bethlehem Steel Corp.*,
  284 F.3d 1261 (Fed. Cir. 2002).......................................................................... 6

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
  320 F.3d 1354 (Fed. Cir. 2003).......................................................................... 6

*Schlumberger Tech. Corp. v. United States*,
  845 F.3d 1158 (Fed. Cir. 2017).......................................................................... 9

*Sigma-Tau HealthScience, Inc. v. United States*,
  838 F.3d 1272 (Fed. Cir. 2016).......................................................................... 9

*Since Hardware (Guangzhou) Co. v. United States*,
  37 F.Supp.3d 1354 (Ct. Int'l Trade 2014) ................................................. 2, 4, 5

*Totes-Isotoner Corp. v. United States*,
  580 F.Supp.2d 1371 (Ct. Int'l Trade 2008) ................................................ 10, 13

*United States v. Dantzler Lumber & Export Co.*,
  17 CIT 178 (1993)........................................................................................ 11

*United States v. Kingshead Corp.*,
  13 CIT 961 (1989)........................................................................................ 14

*Usinor Industeel, S.A. v. United States*,
  215 F.Supp.2d 1356 (Ct. Int'l Trade 2002)........................................................ 10

**Harmonized Tariff Schedule of The United States**

General Rule of Interpretation 1 ........................................................................ 3, 9

Chapter 87

Heading 8701........................................................................................................ 2

Heading 8705........................................................................................................ 2

Heading 8708...........................................................................................................2

  Subheading 8708.29.5060...................................................................2, 3, 9, 10

Chapter 99

 Heading 9903

  Subheading 9903.88.01.........................................................................................7

  Subheading 9903.88.03.................................................................................2, 7, 9

  Subheading 9903.88.56..............................................................................2, 7, 8, 9

U.S. Note 2 to Subchapter III of Chapter 99.....................................................3, 6, 7

U.S. Note 20(iii) to Subchapter III of Chapter 99...................................................9

U.S. Note 20(iii)(213) to Subchapter III of Chapter 99..................................1, 2, 3, 4

US Note 20(e)........................................................................................................7

US Note 20(f) to Subchapter III...........................................................................7

**Statutes**

19 U.S.C. § 1292(d)(1).........................................................................................17

28 U.S.C. § 1292(b)........................................................................................11, 12

28 U.S.C. § 1292(d)(1)................................................................................*passim*

28 U.S.C. § 1581(a)...............................................................................................3

Section 301 of the Trade Act of 1974....................................................................9

**Rules**

Federal Rule of Civil Procedure 59.......................................................................4

USCIT Rule 1.........................................................................................................5

USCIT Rule 59..................................................................................................2, 4

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  HON. JENNIFER CHOE-GROVES, JUDGE
_____
KEYSTONE AUTOMOTIVE OPERATIONS, INC., :
                                       :
                   Plaintiff,          :
                                       :
          v.                           :          Court No. 21-00215
                                       :
UNITED STATES,                         :
                                       :
                   Defendant.          :
_____:

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO AMEND AND CERTIFY AN ORDER FOR INTERLOCUTORY APPEAL AND FOR A STAY OF THE PROCEEDINGS PENDING APPEAL

Defendant, the United States (Government), respectfully requests that the Court deny plaintiff's, Keystone Automotive Operations, Inc. (Keystone), motion for reconsideration or, in the alternative, motion to amend and certify an order for interlocutory appeal and for a stay of the proceedings pending appeal.

### INTRODUCTION

Following this Court's October 7, 2024 Opinion and Order (Slip. Op. 24-108, ECF No. 68 (Decision))—but prior to final judgment—plaintiff filed a motion asking this Court to reconsider its Decision denying plaintiff's motion for summary judgment or, in the alternative, to amend its Decision to include a statement certifying a question for interlocutory appeal to the United States Court of Appeals for the Federal Circuit, pursuant to 28 U.S.C. § 1292(d)(1).  In its thorough Decision following the parties' briefing and oral argument regarding summary judgment, this Court held that the exclusion term "side protective attachments," incorporated into the Harmonized Tariff Schedule of the United States (HTSUS) at U.S. Note 20(iii)(213) to

Subchapter III of Chapter 99, is a principal use provision. Decision, 1-2, 17. Contrary to the requirements of USCIT Rule 59, plaintiff does not identify any "fundamental or significant flaw" in the Court's decision but rather seeks to "re-litigate" the case by advancing legal theories that are not supported by the law. *Since Hardware (Guangzhou) Co. v. United States*, 37 F.Supp.3d 1354, 1359 (Ct. Int'l Trade 2014) (quotation omitted) (USCIT Rule 59 motions are not intended for unsuccessful parties to re-litigate cases). On this basis, its motion for reconsideration should be denied. Further, as framed by plaintiff, the question for certification for an interlocutory appeal is:

> Whether the language of the Federal Register notice requires that the product qualifies for the exclusion if it is simply capable of being described by the exclusion language and does not require analysis under GRIs and ARIs as *eo nomine* or principal use provision given that GRIs and ARIs are applied unless context otherwise requires.

Pl. Mot. (ECF No. 69), 14. But plaintiff fails to meet the statutory requirements for certification. Accordingly, plaintiff's alternative request should be denied.

## SUMMARY OF THE COURT'S DECISION

The question presented in this case is whether the subject merchandise—undisputedly classified under primary subheading 8708.29.5060 (which covers "[p]arts and accessories of the motor vehicles of headings 8701 to 8705: Other: Other: Other.")—is properly classified under secondary heading 9903.88.03, which carries a 25 percent *ad valorem* rate of duty, or under secondary heading 9903.88.56, as "side protective attachments, the foregoing of steel (described in statistical reporting number 8708.29.5060)" pursuant to U.S. Note 20(iii)(213) to Subchapter III of Chapter 99 of the HTSUS, and is therefore excluded from the 25 percent *ad valorem* rate of duty. *See* Decision, 3-4. The Court has jurisdiction over this case pursuant to 28 U.S.C.

2

§ 1581(a) and "reviews classification cases de novo." *Id.* at 7.  Under the legal framework for tariff classification, "the Court ascertains the proper meaning of the terms in the tariff provision," and second, "the Court determines whether the merchandise at issue falls within the terms of the tariff provision." *Id.* at 8.

The Court appropriately held that "[t]he classification of merchandise under the HTSUS is governed by the General Rules of Interpretation ('GRIs') and, if applicable, the Additional U.S. Rules of Interpretation ('ARIs'), which are both applied in numerical order," citing for support to *BenQ Am. Corp. v. United States*, 646 F.3d 1371, 1376 (Fed. Cir. 2011) (citing *N. Am. Processing Co. v. United States*, 236 F.3d 695, 698 (Fed. Cir. 2001))." *Id.* at 8-9.  The Court noted that "GRI 1 instructs that, 'for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes.'  GRI 1." *Id.* at 9.  Next, the Court explained that "Chapter 99 of the HTSUS includes U.S. Notes, which are enacted by Congress or proclaimed by the President," citing to *Maple Leaf Mktg., Inc. v. United States*, 45 CIT __, __, 528 F.Supp.3d 1365, 1370 (2021).  *Id.*  The Court then observed that "[u]nless the context requires otherwise, the general notes and rules of interpretation, the section notes, and the [chapter notes]" apply to Chapter 99, citing to U.S. Note 2 of Subchapter III to Chapter 99 of the HTSUS.  *Id.*

The Court further appropriately held that the provision for "side protective attachments," included in U.S. Note 20(iii)(213) to Subchapter III of Chapter 99 of the HTSUS, and which covers "[t]ire carrier attachments, roof racks, fender liners, side protective attachments, the foregoing of steel (described in statistical reporting number 8708.29.5060)," is a principal use— and not an *eo nomine*—provision. *Id.* at 13-20.  The Court then correctly observed that principal use provisions require the Court to determine whether the group of goods are commercially

fungible with the imported goods in order to identify the use which exceeds any other single use by considering the *Carborundum* factors. *Id.* at 21. However, the Court noted that the undisputed facts were not sufficient for the Court to fully analyze whether the subject merchandise is commercially fungible with the side protective attachments described in U.S. Note 20(iii)(213) to Subchapter III of Chapter 99, HTSUS. *Id.* at 23. For this reason, the Court held that it was unable to grant either plaintiff's or defendant's motion for summary judgment, and therefore ordered that a bench trial be held to make a preliminary determination as to the principal use of the subject merchandise and a subsequent determination as to the group of goods that are commercially fungible with the imported goods. *Id.* at 24.

## ARGUMENT

### I.    The Standard For A Motion For Reconsideration

Motions for reconsideration under USCIT Rule 59 "do not permit an unsuccessful party to re-litigate a case, but are supposed to address a fundamental or significant flaw in the original proceeding. To that end, a court's previous decision will not be disturbed unless it is manifestly erroneous." *Since Hardware*, 37 F.Supp.3d at 1359 (quotations omitted); *accord FMD Restoration, Inc. v. Baistar Mech., Inc.*, 320 F.R.D. 320, 323 (D.D.C. 2017) (Federal Rule of Civil Procedure 59 "motions may not be used to reli[tig]ate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (quotation omitted)).[1]

---

[1] "[W]hen this court or an appellate court have not discussed previously one of the rules of this court, which is identical to the Federal Rules of Civil Procedure, the court looks to the decisions of other courts which have dealt with the civil rule at issue." *Former Employees of Quality Fabricating, Inc. v. U.S. Dep't of Labor*, 343 F.Supp.2d 1272, 1284 n.12 (Ct. Int'l Trade 2004); *see also* USCIT Rule 1 ("The court may refer for guidance to the rules of other courts.").

### A. Keystone Relitigates Its Position Instead Of Identifying Any Manifest Error Or Fundamental Flaw In The Court's Thorough Decision

Keystone fails to identify any "manifest error" or "fundamental flaw" in the Court's Decision, but rather seeks to relitigate this case with arguments and facts that the Court already appropriately considered and rejected, and it advances new arguments that are not supported by the law. *See Since Hardware*, 37 F.Supp.3d at 1359.

Keystone argues that the Court failed to discuss "the significance of the phrase 'unless context otherwise requires' in [the] GRIs and ARIs" in respect to the Court's determination that "[u]nless the context requires otherwise, the general notes and rules of interpretation, the section notes, and the chapter notes apply to Chapter 99." Pl. Mot., 11; Decision, 9. But the Court overlooked nothing and engaged in an extensive analysis, noting the way in which exclusions are directly incorporated into the HTSUS as notes under Chapter 99 as a basis for interpreting their terms in the same way as the tariff terms of any other headings. Decision, 7-13.

Plaintiff claims in its motion that its argument regarding "the significance of the phrase 'unless context otherwise requires'" involving the application of the GRIs and ARIs "was not discussed in the Slip Opinion." Pl. Mot., at 11. To begin, plaintiff did not advance this interpretative argument in its motion for summary judgment, or in its reply brief, regarding the application of the phrase "unless context otherwise requires." *See* Pl. Mot., 11; *see also* ECF Nos. 49 and 53. It was raised for the first time during oral argument. *See* ECF No. 67, 12:2-15. Because plaintiff failed to raise or appropriately develop this argument in its motion for summary judgment, it is waived. *See Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1273 (Fed. Cir. 2002) (holding that an argument is waived if not raised in the principal summary judgment brief); *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354 (Fed. Cir. 2003)

(holding that an affirmative defense must be raised in response to a summary judgment motion or it is waived); *CardSoft v. Verifone, Inc.*, 769 F.3d 1114 (Fed. Cir. 2014) ("Arguments that are not appropriately developed in a party's briefing may be deemed waived.") (citations omitted), *cert. granted, judgment vacated on other grounds sub nom. CardSoft, LLC v. VeriFone, Inc.*, 576 U.S. 1049 (2015).

Nevertheless, plaintiff's view of the Court's analysis is not correct. The Court accounted for the entirety of the statutory language—including the phrase "unless the context requires otherwise" from U.S. Note 2, Subchapter III, Chapter 99, HTSUS—in its application of the GRIs, ARIs, and case law. *See* Decision, 3, 9-10. Specifically, the Court held:

> Chapter 99 of the HTSUS includes U.S. Notes, which are enacted by Congress or proclaimed by the President. <u>See, e.g.</u>, <u>Maple Leaf Mktg., Inc. v. United States</u>, 45 CIT __, __, 528 F. Supp. 3d 1365, 1370 (2021) ("The President implemented the tariffs by modifying Subchapter III of Chapter 99 of the Harmonized Tariff Schedule of the United States ('HTSUS') to add a new note and a new tariff provision under the heading 9903.80.01."). "*Unless the context requires otherwise*, the general notes and rules of interpretation, the section notes, and the [chapter notes]" apply to Chapter 99. U.S. Note 2, Subchapter III, Chapter 99, HTSUS.

Decision, 9 (emphasis added). This reference was part of its holding that the exclusions established in Federal Register Notices are incorporated into Chapter 99 of the HTSUS.

Second, and more importantly, plaintiff's interpretative argument is not supported by the law. As the Court appropriately observed, U.S. Note 20(e) provides, in relevant part, that "[a]ll products of China that are *classified* in the subheadings enumerated in U.S. note 20(f) to subchapter III are subject to the additional 25 percent ad valorem rate of duty imposed by *heading* 9903.88.03, except products of China granted an exclusion by the U.S. Trade

Representative and provided for in . . . (15) heading 9903.88.56." Decision, 11 (emphasis

added). The terms "classified" and "heading" make clear that exclusions, such as the one at

issue in this case, apply to goods that are *prima facie* classified in secondary heading 9903.88.03

but thereafter are classified under heading 9903.88.56 if they are provided for in U.S. Note

20(iii) to Subchapter III of Chapter 99, HTSUS. Indeed, the Court noted on page 9 of its

decision that "Chapter 99 of the HTSUS includes U.S. Notes, which are enacted by Congress or

proclaimed by the President," citing to *Maple Leaf*, 528 F.Supp.3d at 1370 ("The President

implemented the tariffs by modifying Subchapter III of Chapter 99 of the . . . [HTSUS] to add a

new note and a new *tariff provision* under the *heading* 9903.80.01." (emphasis added)). Taken

together, the Court specifically considered the GRIs, notes, and case law, and correctly held that

exclusions are directly incorporated into the HTSUS as headings whose terms are to be

interpreted based on the GRIs and ARIs. That these exclusions are initially published in the

Federal Register does not change the rules of statutory interpretation applicable to all headings of

the HTSUS, including the ones at issue in this case. *See* Decision, 9-13.

        As such, plaintiff's argument that exclusions, which are incorporated into the HTSUS as

notes to Chapter 99, constitute a unique context that require a departure from the GRIs and the

ARIs is not supported by the law. Rather, as the Court correctly held, the exclusion at issue is

incorporated into the HTSUS as part of a note of Chapter 99, which itself contains secondary

headings that carry additional duties for certain goods. Consequently, there is no basis to depart

from the standard rules of statutory interpretation when interpreting the terms of a secondary

heading, including any associated notes. Decision, 7-13. And Keystone points to no legal

authorities that show that the Court committed a fundamental or manifest error when choosing to

apply the GRIs, ARIs, and precedential case law to interpret the language of an exclusion that is

incorporated into the HTSUS. *See* Pl. Mot., 10-13. Instead, Keystone only points to other arguments made in its motion for summary judgment, none of which directly address this new interpretative argument that the Federal Register notices somehow provide context to depart from the established rules of interpreting headings of the HTSUS. *See id.* Moreover, Keystone provides no authority for its proposition that the Federal Register "provides a clearly identified standard" for exclusions incorporated into the HTSUS that differs from and supplants the well-established rules of statutory interpretation in the GRIs and the ARIs. *See* Pl. Mot., 12. Indeed, even plaintiff conceded at oral argument that the exclusions are codified in the HTSUS at Chapter 99, citing the example of heading 9903.88.56 under which U.S. note 20(iii) and, consequently, the exclusions are nested. *See* ECF No. 67, 13:1-5.

Finally, plaintiff's argument is not supported by the text of either the Federal Register or the tariff statute. There is no meaningful distinction between the instruction from the Federal Register notice for exclusions ("meets the description in the Annex"), see Pl. Mot. at 12, and the instruction from GRI 1 (that "classification shall be determined according to the terms of the headings"). Under either case, to qualify for an exclusion from the section 301 duties, the product must meet the parameters of the language of the exclusion from the tariff, which is contained as a note associated with a secondary heading (in Chapter 99) of the HTSUS. *See* Decision, 8; *Schlumberger Tech. Corp. v. United States*, 845 F.3d 1158, 1162 (Fed. Cir. 2017) (citing *Sigma-Tau HealthScience, Inc. v. United States*, 838 F.3d 1272, 1276 (Fed. Cir. 2016)). That process involves determining, first, which primary tariff heading applies, and then, determining whether any secondary headings apply—such as headings that carry additional duties as a result of enactments by Congress or proclamations by the President. Here, there is no dispute that the imported goods are classified under primary subheading 8708.29.5060.

Decision, 13.  As such, the only dispute is whether the goods are finally classified under secondary heading 9903.88.03 and therefore subject to additional duties, or if they are classified under secondary heading 9903.88.56, such that they are excluded from the duties in secondary heading 9903.88.03.

It would be contrary to law to classify a good in a primary HTSUS subheading using the traditional tools of statutory interpretation—here, in subheading 8708.29.5060—and thereafter not apply the same standard to the exclusion itself that cites to that same HTSUS subheading—here, secondary heading 9903.88.56, HTSUS on the basis of the exclusions contained at U.S. note 20(iii) to Subchapter III of Chapter 99 (which covers, among other goods, "[t]ire carrier attachments, roof racks, fender liners, side protective attachments, the foregoing of steel (described in statistical reporting number 8708.29.5060)").

Because Keystone has failed to identify any manifest or fundamental error in the Court's decision, Keystone's request for reconsideration should therefore be denied.

## II.    The Standard For A Motion To Certify An Interlocutory Appeal

As this Court has noted, "[i]nterlocutory appeals are a departure from the well-established final judgment rule and are reserved for *exceptional* cases."  *Usinor Industeel, S.A. v. United States*, 215 F.Supp.2d 1356, 1357 (Ct. Int'l Trade 2002) (emphasis added).  Pursuant to 28 U.S.C. § 1292(d)(1), this Court "*may* certify the case for immediate appeal where (1) a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from that order may materially advance the ultimate termination of the litigation."  *Usinor*, 215 F.Supp.2d at 1357 (emphasis in original); *see also Totes-Isotoner Corp. v. United States*, 580 F.Supp.2d 1371, 1379 (Ct. Int'l Trade 2008). Although this Court has identified two factors, many courts have considered separately (1)

9

whether the issue being considered is a controlling question of law, and (2) whether there is a

substantial ground for difference of opinion.  *See In re Facebook, Inc. IPO Securities and*

*Derivative Litigation*, 986 F.Supp.2d 524, 529 (S.D.N.Y. 2014).

These substantive criteria are conjunctive, not disjunctive, *Ahrenholz v. Bd. of Trustees of*

*Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000), and the burden to establish these elements rests

with the proponents of an interlocutory appeal.  *In re Facebook*, 986 F.Supp.2d at 529.  They

create a "significant hurdle to certification."  *Id.* (internal quotation marks omitted).[2]

Interlocutory appeals are not favored.  *United States v. Dantzler Lumber & Export Co.*,

17 CIT 178, 180 (1993).  In fact, they are "strongly disfavored in federal practice."  *In re*

*Facebook*, 986 F.Supp.2d at 530 (internal quotation marks omitted).  As the Third Circuit noted

in *Milbert v. Bison Labs., Inc.*, 260 F.2d. 431, 433 (3rd Cir. 1958), it is "quite apparent from the

legislative history . . . that Congress intended that § 1292(b) should be sparingly applied.  It is to

be used only in exceptional cases where an intermediate appeal may avoid protracted and

expensive litigation and is not intended to open the floodgates to a vast number of appeals of

interlocutory orders in ordinary litigation."  *Id.*  Indeed, its "*purpose is not to review the*

*correctness of an interim ruling*," *Marsuda-Rodgers Int'l v. United States*, 13 CIT 886, 888

(1989) (emphasis in original), and the rule is *not* "intended to make denials of summary

judgment routinely appealable."  *Ahrenholz*, 219 F.3d at 676 (collecting cases).

---

[2] It is only when the Court certifies the issue to be heard by the Federal Circuit that the Court of Appeals *may,* in its discretion, decide to hear the issue.  28 U.S.C. § 1292(d)(1) (emphasis added).

## A.  Controlling Question Of Law

For this Court to certify an issue for interlocutory appeal, there must be a "pure question of law" and it must be "controlling." *Ahrenholz*, 219 F.3d at 676–77; 28 U.S.C. § 1292(d)(1).  A "pure question of law" is "something the court of appeals could decide quickly and cleanly without having to study the record;" it is not a question like the "meaning of a contract," which "may require immersion in what may be a long, detailed, and obscure contract." *Ahrenholz*, 219 F.3d at 676–77.  In analyzing this issue, the Seventh Circuit held that a "'question of law' as used in section 1292(b) [which is analogous to 1292(d)(1)] has reference to a question of the *meaning of* a statutory or constitutional provision, regulation or common law doctrine . . . ." *Id.* at 676 (emphasis added).

Comparatively, "questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b)." *In re Facebook*, 986 F.Supp.2d at 536 (internal quotation marks omitted); *Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 2845736, at *2 (D.N.J. Sept. 28, 2006) ("Courts in this District have held, although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of Section 1292(b).").  Moreover, "mixed questions of law and fact are not appropriate for certification under § 1292(b)." *In re Facebook*, 986 F.Supp.2d at 536 (internal quotation marks omitted).  In fact, "[t]he antithesis of a proper Section 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* (quoting *Mills v. Everest Reins. Co.*, 771 F Supp.2d 270, 275-76 (S.D.N.Y. 2009)); *c.f. Kennedy v. St. Joseph's Ministries, Inc.*, 657

11

F.3d 189, 195 (4th Cir. 2011) ("[T]here is no doctrine counseling courts to avoid ruling on legal issues involving undisputed facts that are before them.").

As to whether a "pure question of law" is "controlling," there does not appear to be a set standard in the Federal Circuit. However, district courts have "consider[ed] whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *In re Facebook*, 986 F.Supp.2d at 534 (internal quotation marks omitted). Courts have noted that questions of law are "controlling" when they "materially affect the outcome of litigation in the district court," *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981), making the first and third requirements for certification "closely connected." *In re Facebook*, 986 F.Supp.2d at 536.

**B.  Substantial Ground For Difference Of Opinion**

As to the second requirement, a mere "disagreement with the court's" decision "does not establish a 'substantial ground for difference of opinion.'" *Totes-Isotoner Corp.*, 580 F.Supp.2d at 1379. This element is satisfied when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression" in the Circuit. *In re Facebook*, 986 F.Supp.2d at 539 (internal quotation marks omitted). "In order to show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that other courts have substantially differed in applying that standard." *Morgan v. Ford Motor Co.,* No. 06-1080, 2007 WL 269806, *3 (D.N.J. Jan. 25, 2007) (internal quotation marks omitted); *see In re Facebook*, 986 F.Supp.2d at 540 ("The standard is met when a party seeking certification shows there is a genuine doubt as to whether the district court applied the

12

correct legal standard in its order." (internal quotation marks omitted)).  Indeed, courts will look

to the extent to which "controlling law is unclear."  *Couch v. Telescope,* 611 F.3d 629, 633 (9th

Cir. 2010).  "[J]ust because a court is the first to rule on a particular question or just because

counsel contends that one precedent rather than another is controlling does not mean there is

such a substantial difference of opinion as will support an interlocutory appeal."  *Id.* (internal

quotation marks omitted).

### C.  Materially Advance The Ultimate Termination Of The Litigation

As set forth in the statute, the requested interlocutory appeal must "materially advance

the ultimate termination of the litigation."  28 U.S.C. § 1292(d)(1).  To satisfy this standard,

"[t]he party seeking certification should come forward with something more than mere

conject[ure] in support of its claim that certification may save the court and the parties

substantial time and expense."  *Marsuda-Rodgers Int'l*, 13 CIT at 887.  Substantial time and

expense are not saved when "litigation of the remaining issues may be completed expeditiously."

*United States v. Kingshead Corp.*, 13 CIT 961, 962 (1989).

Moreover, as this Court has stated, "[i]n examining the criteria of whether an immediate

appeal may materially advance the ultimate termination of the litigation, this court must assess

the probability that its decision, of which an immediate appeal is sought, is in error as well as the

extent to which additional time and expense may be saved by an interlocutory appeal."

*Marsuda-Rodgers Int'l*, 13 CIT at 887.

### D.  Plaintiff Fails To Satisfy The Statutory Requirements For An Interlocutory Appeal

Plaintiff seeks an interlocutory appeal of the following question:

> Whether the language of the Federal Register notice requires that
> the product qualifies for the exclusion if it is simply capable of

> being described by the exclusion language and does not require
> analysis under GRIs and ARIs as *eo nomine* or principal use
> provision given that GRIs and ARIs are applied unless context
> otherwise requires.

Pl. Mot., 14.  As set forth below, plaintiff fails to establish the statutory requirements for an

interlocutory appeal.

### i.    Plaintiff Fails To Identify A Controlling, And Plausible, Question Of Law

As noted above, for this Court to certify an issue for interlocutory appeal, there must be a

"pure question of law" and it must be "controlling."  *Ahrenholz*, 219 F.3d at 676–77; 28 U.S.C.

§ 1292(d)(1).  Plaintiff's new and novel interpretative argument arguably involves a question of

law.  But, because plaintiff's argument is so contrary to the established principles of statutory

interpretation, it should not be viewed as controlling.  When determining whether a "pure

question of law" is "controlling," district courts have "consider[ed] whether: reversal of the

district court's opinion could result in dismissal of the action; reversal of the district court's

opinion, even though not resulting in dismissal, could significantly affect the conduct of the

action; or, the certified issue has precedential value for a large number of cases."  *In re*

*Facebook*, 986 F.Supp.2d at 534 (internal quotation marks omitted).  Here, plaintiff is asking the

Court to depart from the traditional norms of statutory interpretation and to disregard the GRIs

and the ARIs when interpreting the language of the exclusion from the tariff statute.  Pl. Mot.,

10-12, 16.  Because this argument contravenes the well-established and long settled legal

framework for tariff classification, it should not be viewed as controlling.

### ii.    Plaintiff Fails To Identify A Substantial Ground For Difference Of Opinion

Plaintiff fails to meet the second statutory requirement because it does not demonstrate

any difference of opinion—let alone a *substantial* ground for difference of opinion—for its

14

argument that the Court should depart from the GRIs, ARIs, and established case law when interpreting the headings, and the exclusions, contained in the HTSUS.

As explained in Section I, *supra*, plaintiff has failed to identify any authority that supports its position and shows that there is a substantial ground for difference of opinion with the Court's legal reasoning and decision. Keystone fails to identify any legal authority to support its argument that exclusions, which are directly incorporated into the HTSUS, constitute context that require a departure from the GRIs, ARIs, and established case law which instruct how to interpret tariff terms. *See* Pl. Mot., 20-21. As such, plaintiff has failed to show any differing opinion as to the law. Applying the GRIs and ARIs to the terms of the headings in the HTSUS, including exclusions, is not a question of first impression. Having pointed to no legal authority supporting its position, plaintiff has not explained how the issue is particularly difficult or of first impression. *See* Pl. Mot., 20-21.

In contrast, the Court's decision relies on its well-reasoned analysis that exclusions are directly incorporated into the HTSUS to hold, as it did, that the case involves a tariff classification and that interpreting the terms of the exclusion is no different than interpreting the terms of any other heading in the HTSUS. Decision, 7-13. And as mentioned above, Keystone points to no legal authorities that show that the Court failed to follow precedent in applying the GRIs, ARIs, and precedential case law to interpret the language of an exclusion. *See* Pl. Mot., 20-21. Moreover, Keystone provides no authority supporting its contention that the Federal Register establishes a "standard of review" for exclusions incorporated into the HTSUS that supplants the rules of statutory interpretation in the GRIs and ARIs. *See* Pl. Mot., 20-21. As such, plaintiff simply disagrees with the Court's analysis, which is not a sufficient basis to request certification of an interlocutory appeal.

15

iii.    **Certification Of This Issue Will Not "Materially Advance The Ultimate Termination Of The Litigation"**

Plaintiff also fails to meet the third statutory requirement.  Plaintiff claims that "resolution of the issue on interlocutory appeal will materially advance the ultimate termination of the litigation."  Pl. Mot., 21.  The Court's consideration of this issue on an interlocutory basis, particularly given that plaintiff fails to cite legal authorities to support its purported standard, would only delay this litigation from reaching its necessary conclusion.  Indeed, as stated above, "[i]n examining the criteria of whether an immediate appeal may materially advance the ultimate termination of the litigation, this court must assess the probability that its decision, of which an immediate appeal is sought, is in error as well as the extent to which additional time and expense may be saved by an interlocutory appeal."  *Marsuda-Rodgers Int'l*, 13 CIT at 887.  To the contrary, both the legal standard that the Court applied and the conclusion that it reached on this issue were correct, and plaintiff has failed to cite to legal authorities in support of its position, that would suggest that the Court's decision is erroneous.  Accordingly, there is no substantial ground for a difference of opinion, the Court did not err, and an interlocutory appeal would only further delay the conclusion of this matter.

Since plaintiff failed to satisfy the statutory requirements for certification of an interlocutory appeal, the Court should deny plaintiff's request for certification.

## CONCLUSION

For all the above reasons, we respectfully request that the Court deny plaintiff's motions for reconsideration or, in the alternative, certification of an interlocutory appeal under the standards of 19 U.S.C. § 1292(d)(1).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

*Of Counsel*:                              /s/ Brandon A. Kennedy
Valerie Sorensen-Clark                BRANDON A. KENNEDY
General Attorney                          Trial Attorney
Office of the Assistant Chief Counsel    Civil Division, U.S. Dept. of Justice
International Trade Litigation          Commercial Litigation Branch
U.S. Customs and Border Protection    26 Federal Plaza, Room 346
New York, New York 10278          New York, New York 10278
                                                (212) 264-9237
Dated: January 15, 2025              *Attorneys for Defendant*

17