**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| **KEYSTONE AUTOMOTIVE OPERATIONS, INC.,**<br><br>                    Plaintiff,<br><br>     **v.**<br><br>**UNITED STATES**,<br><br>                    Defendant. | **Court No. 21-00215** |

**STATUS REPORT**
**AND CONSENT MOTION TO AMEND SCHEDULING ORDER**

In accordance with the Court's February 6, 2026, order (see ECF No. 97), we submit this status report informing the Court of limited discovery undertaken to date, settlement discussions, and the remaining limited discovery. The current deadline to complete limited discovery is April 10, 2026. See ECF No. 97. Considering the remaining limited discovery and ongoing settlement discussions in accordance with Rules 6, 7, and 16 of the Rules of the United States Court of International Trade ("USCIT"), Plaintiff respectfully moves this Court for an order extending the remaining limited discovery described further below by 60 days until and including June 9, 2026. Plaintiff also respectfully moves this Court for an order that the parties shall submit a joint status report informing the Court of settlement discussions on or before June 16, 2026, and if the Parties do not reach settlement by this time, the Parties shall submit a proposed schedule for proceeding to trial on or before June 16, 2026.

Plaintiff and Defendant agreed to depose a representative witness from the following third-party companies:

- RealTruck, Inc. - 4670 Runway Blvd. Ann Arbor, MI 48108

- Extreme Terrain - 600 Cedar Hollow Road, Paoli PA 19301

- 4wheelparts.com - 400 W Artesia Blvd, Compton, California, 90220

- Line-X - 301 James Record Road, Huntsville, Alabama 35824

- Smittybilt Automotive - 1017 W 600 N STE 4, Ogden, UT 84404

- Polaris Industries Inc. - 2100 Hwy 55, Medina, MN 55340

To date the parties have deposed representatives of Real Truck, Extreme Terrain, 4wheelparts, and Line-X. The parties have also reviewed voluminous production from Smittybilt and Polaris and remain in contact with counsel for these entities to schedule remaining depositions.

Within the last month, Defendant extended a counteroffer to Plaintiff. Undersigned counsel discussed Defendant's counteroffer with the client. Plaintiff's and Defendant's counsel exchanged correspondence and conducted a conference regarding the counteroffer and terms. Even though no settlement was reached at this point, both Plaintiff and Defendant remain determined to potentially resolve this case without the need for further litigation. As such, the undersigned counsel is discussing this with the client. In light of the progress with limited discovery since the last status report as well as ongoing settlement discussions, the parties will require more time to complete remaining limited discovery.

Outside of discovery work being done in this case, other factors affecting undersigned Plaintiff's counsel's workload include the United States Supreme Court's recent ruling in *Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S. 2026), which invalidated tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"); the undersigned Plaintiff's counsel represents plaintiffs in 200 IEEPA cases in the USCIT. In light of the *Learning Resources, Inc.* ruling, the undersigned counsel is working on addressing new issues surrounding his affected clients, including the potential new IEEPA tariff refund process. The undersigned counsel will be required to work on a resolution to the voluminous IEEPA cases in the coming weeks, which may

be affected by further developments in *Trump v. V.O.S. Selections*, *Inc.*, No. 25-1812 (Fed. Cir. 2025), *aff'd*, No. 25-250 (U.S. 2026) and/or *Atmus Filtration, Inc. v. United States*, No. 26-1259, (Ct. Int'l Trade).

The undersigned Plaintiff's counsel also has concurrent obligations in several other ongoing cases that overlap with remaining limited discovery. For example, Plaintiff's counsel is working to finalize proposed stipulated judgments in the following actions in the USCIT, which require voluminous entry data review: *BCO LAB, Inc. v. United States*, 25-00189; *Global View, Inc. v. United States*, 25-00190; *Pro-Com Products, Inc. v. United States*, 25-00191; and *Procom Wholesale, Inc*. v. United States, 25-00192. The undersigned Plaintiff's counsel is also drafting a reply (due on April 17, 2026) to the government's response brief in *Mitsubishi Power Americas, Inc. v. United States*, 25-1828 in the United States Court of Appeals for the Federal Circuit ("USCAFC").

"Motions to modify a schedule are governed by USCIT Rule 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent.'" *Shamrock Bldg. Materials, Inc. v. United States*, 540 F. Supp. 3d 1351, 1353 (Ct. Int'l Trade 2021). "When assessing whether good cause has been shown, 'the primary consideration is whether the moving party can demonstrate diligence.'" *Id*. (quoting *High Point Design LLC v. Buyers Direct, Inc.*, 730 F. 3d 1301, 1319 (Fed. Cir. 2013) (in turn citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (in turn citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000)))). Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides a trial court discretion to prevent prejudice or hardship to either side. *See Kassner*, 496 F.3d at 243-44.

As discussed above, good cause exists to amend the scheduling order. Both parties have been diligent in conducting limited discovery, have been engaged in additional settlement discussions, and have completed a substantial portion of the limited discovery since the last status report. Despite the parties' best efforts, there are additional depositions that need to be scheduled and conducted as well as potential additional settlement discussions. Also, Plaintiff's undersigned counsel has concurrent obligations in additional litigation at both USCIT and USCAFC, which will require additional work and resources. Despite this, both parties are diligently working and plan on continuing to work to complete limited discovery.

In light of this, we respectfully move this Court for an order extending the remaining limited discovery by 60 days until and including June 9, 2026. We also respectfully move this Court for an order that the parties shall submit a joint status report informing the Court of settlement discussions on or before June 16, 2026, and if the parties do not reach settlement by this time, the parties shall submit a proposed schedule for proceeding to trial on or before June 16, 2026.

On April 6, 2026, undersigned counsel forwarded a draft of this status report and motion to amend scheduling order to Government counsel, Mr. Edward Kenny, who on behalf of his client, agreed and consented to the amendment of the scheduling order requested herein.

Respectfully submitted,

Dated: _____April 7, 2026_____

_____

Eric R. Rock, Attorney

Serhiy Kiyasov
Rock Trade Law LLC
134 North LaSalle Street, Suite 1800
Chicago, Illinois 60602
312-824-6191 (telephone)
erock@rocktradelaw.com (e-mail)

*Counsel For Plaintiff Keystone Automotive Operations, Inc.*